In re Guy W. THEIS, Debtor.

**BOMBARDIER CREDIT, INC., Plaintiff,**

v.

**Guy W. THEIS, Defendant.**

**Bankruptcy No. 89–3549–8P1.**
**Adv. No. 89–347.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Dec. 20, 1989.

Robert E. Burguieres, Nixon & Nixon, Tampa, Fla., for plaintiff.

Don Stichter, Stichter & Riedel, Tampa, Fla., for defendant.

**ORDER GRANTING MOTION TO DISMISS COMPLAINT OBJECTING TO DISCHARGE**

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for consideration at a duly scheduled hearing upon a Motion to Dismiss Complaint Objecting to Discharge filed by the Debtor/Defendant in the above-captioned adversary proceeding. The underlying Complaint filed by Bombardier Credit, Inc. (Plaintiff), seeks to except from discharge the debt owed to the Plaintiff based upon an alleged fraud or defalcation while acting in a fiduciary capacity pursuant to § 523(a)(4) of the Bankruptcy Code. The Debtor seeks to dismiss the Complaint on the grounds that it fails to allege facts sufficient to support a finding that the Debtor was a fiduciary under an express or technical trust. The facts as set forth in Plaintiff's Complaint which are relevant to disposition of this cause are as follows:

The Debtor was sole stockholder, officer and director of Accent on Performance Marine, Inc., a corporation engaged in the retail sale of boats and marine products in Hillsborough County, Florida. On behalf of Accent on Performance Marine, Inc., the Debtor executed an Inventory Security Agreement in favor of the Plaintiff. In addition, the Debtor executed in his individual capacity a guarantee of the obligations of Accent on Performance Marine, Inc., in favor of the Plaintiff. The Plaintiff acted as a floorplan financing source for Accent on Performance on Marine, Inc., and, according to the Plaintiff, the terms of the inventory security agreement required the Debtor to hold any sales proceeds in trust for the Plaintiff separate and apart from all other funds and accounts. The Plaintiff further contends that, by selling goods out of trust, the Debtor committed fraud or defalcation while acting in a fiduciary capacity and, therefore, the debt owed to the Plaintiff should be declared nondischargeable.

The Debtor argues that the Plaintiff has failed to allege facts sufficient to support a finding that the Debtor was a fiduciary and, therefore, the Complaint should be dismissed. In support of the Plaintiff's case, counsel for the Plaintiff cites *In the Matter of Graham*, 7 B.R. 5 (Bkrtcy.D. Nev.1980) and *In the Matter of Faulk of Bethlehem*, 3 B.R. 266 (Bkrtcy.D.N.J.1980). The Plaintiff urges that these cases stand for the proposition that language of a security agreement which purports to create a trust and a requirement that the debtor separate the proceeds of the sale in trust for the creditor pursuant to the terms of the security agreement suffices the purposes of satisfying the requirements of § 523(a)(4) as to the creation of a fiduciary obligation. A close reading of these cases shows that they are in conformity with the majority view which is that a security agreement does not create a technical or expressed trust. The court in *Graham* held:

> A trust clause inserted in a document which sets up a debtor/creditor relationship in an effort to assure the debtor's performance of its obligation does not create a trust. A fiduciary relationship requires a separate account.
>
> *In the Matter of Graham, supra,* at page 7.

In *Faulk of Bethlehem,* the court similarly held that the simple fact that agreements include trust provisions will not necessarily make the agreement a trust agreement, nor will it create a fiduciary relationship. Furthermore, the character of a debt relationship and not its form is determinative in finding whether a trust exists within the meaning of the dischargeability provisions of the Bankruptcy Act. *In the Matter of Faulk of Bethlehem, supra,* at 270.

Clearly, the Plaintiff has not alleged facts which would support a finding that the Debtor engaged in fraud or defalcation while acting in a fiduciary capacity. Indeed, the cases cited by the Plaintiff provide clear authority for dismissal of the Complaint. Therefore, it is appropriate to grant the Motion to Dismiss.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss Complaint Objecting to Discharge filed by the Debtor be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DECREED that the Complaint Objecting to Discharge filed by Bombardier Credit, Inc., be, and the same is hereby, dismissed without prejudice. It is further

ORDERED, ADJUDGED AND DECREED that Bombardier Credit, Inc., be, and the same is hereby, granted leave of Court to file an amended complaint within fifteen (15) days of this Order. Should Plaintiff elect to refile an amended complaint, the Debtor is directed to file a responsive pleading or appropriate Motion within ten (10) days of the date of filing of the amended complaint.

DONE AND ORDERED.